919 THIRD AVENUE NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

January 30, 2019

Andrew H. Bart
Tel +1 212 891 1645
Fax +1 212 909 0805
abart@jenner.com

VIA ECF

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Mtume v. Sony Music Entertainment* (No. 1:18-cv-11747-ER)

Dear Judge Ramos:

We represent Defendant Sony Music Entertainment ("Sony") in the above-captioned matter. We write pursuant to Rule 2(A)(ii) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference concerning Sony's anticipated motion to dismiss the Complaint (Dkt. No. 1) of Plaintiff James Mtume ("Plaintiff") under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject-matter jurisdiction and to briefly set forth the basis for this anticipated motion.

## I.   Termination under the Copyright Act

This matter relates to provisions in the Copyright Act of 1976 that permit the termination of certain transfers of copyright rights. 17 U.S.C. §§ 203, 304(c)–(d). Under these provisions, authors or their successors may recapture certain previously granted rights[1] under certain circumstances, provided that procedures set forth by statute and related regulations are followed. *Id.* § 203; 37 C.F.R. § 201.10. Specifically, in order to effect termination, the terminating party must prepare a termination notice with an effective date that falls within a five-year window specified by statute,[2] and that notice must be served on the grantee at least two years, and no more than ten years, prior to the effective date. 17 U.S.C. § 203(a)(4)(A). In order to take effect, the termination notice must be recorded with the Copyright Office prior to the effective date specified in the notice. *Id.* § 203(a)(4)(A). Once a termination notice is served, the terminating party cannot take any action to exploit the recaptured rights until its effective date. *Id.* § 203(b)(4).[3]

---

[1] As a notable exception, works made for hire are never subject to termination. *Id.* § 203(a).
[2] The timing of the termination window depends on when the work in question was created and when the relevant grant of rights was executed. *See* 17 U.S.C. §§ 304(c)(3), 304(d), 203(a)(3).
[3] As an exception to this general prohibition, the terminating party may negotiate new terms with the original grantee (or the original grantee's successor-in-interest) prior to the effective date. *Id.* Thus, permitting this lawsuit to proceed would be counter to Congress' decision to allow the parties two years to negotiate a resolution.

January 30, 2019
Page 2

## II. Factual Background

Plaintiff is a musician who was engaged by Sony's predecessor-in-interest to record sound recordings pursuant to an agreement entered into on or about June 24, 1977 (the "1977 Agreement"). On July 6, 2015, Plaintiff served a termination notice on Sony related to certain of these sound recordings with effective dates between July 6, 2017 and April 23, 2018 (the "July 2015 Notice"). Sony investigated those claims and thereafter sent letters to Plaintiff contesting the validity of that notice. On July 3, 2018, Plaintiff brought suit against Sony, seeking declaratory relief that the July 2015 Notice is valid and demanding an accounting (the "First Lawsuit"). Compl., *Mtume v. Sony Music Entm't*, No. 1:18-cv-06037-ER (S.D.N.Y. July 3, 2018), Dkt. No. 1.[4] Sony moved to dismiss the First Lawsuit on the ground that the July 2015 Notice failed to comply with the relevant regulations, since it did not identify the date the works were created as the date of execution, and is thus invalid. *See* Mem. of Law in Supp. of Mot. to Dismiss, *Mtume v. Sony Music Entm't*, No. 1:18-cv-06037-ER (S.D.N.Y. Oct. 26, 2018), Dkt. No. 23.

On October 1, 2018, Plaintiff served a second termination notice on Sony that relates to different sound recordings with an effective date of October 9, 2020 (the "October 2018 Notice"). Unlike the July 2015 Notice, the October 2018 Notice identifies a date of creation for the works Plaintiff purports to terminate, as required by the relevant regulations. *See* 37 C.F.R. § 201.10(f)(1)(ii)(C).

Sony has not yet addressed the validity of the October 2018 Notice nor has it responded to that notice in any way. Nonetheless, on December 14, 2018, nearly two years prior to the effective date specified in the October 2018 Notice, Plaintiff filed a second lawsuit against Sony, seeking a declaration that the October 2018 Notice is valid (the "Second Lawsuit"). Compl., Dkt. No. 1.

## III. Defendant Sony's Anticipated Motion to Dismiss

In his Complaint, Plaintiff brings a single claim seeking declaratory relief that the October 2018 Notice is valid and subject to termination. Compl., Dkt. No. 1, ¶¶ 26–31. Sony seeks to move to dismiss the Second Lawsuit on the grounds that it is premature and that Plaintiff's demand for declaratory relief is not ripe for adjudication. Under the Declaratory Judgment Act, district courts have discretion to grant declaratory relief where there is an "actual controversy." 28 U.S.C. § 2201(a). In making that determination, the relevant inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Fox v. Int'l Conference of Funeral Serv. Examining Bds.*, 242 F. Supp. 3d 272, 291 (S.D.N.Y. 2017) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

As a preliminary matter, Plaintiff admits in his Complaint that a key precondition for the effectiveness of the October 2018 Notice has not been satisfied—namely, recordation with the Copyright Office. Compl., Dkt. No. 1, ¶ 23. Plaintiff may not seek declaratory relief from this Court that his termination notice is valid where a prerequisite for validity has not been met and is contingent on actions that the Copyright Office may or may not take in the future. *See Marvel*

---

[4] Plaintiff later amended his Complaint to add claims for copyright infringement. Am. Compl., *Mtume v. Sony Music Entm't*, No. 1:18-cv-06037-ER (S.D.N.Y. Aug. 23, 2018), Dkt. No. 11.

January 30, 2019
Page 3

*Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 468 (S.D.N.Y. 2010) (dismissing claim for declaratory relief that was based on contingent future events that may not occur). And even if the Copyright Office ultimately accepts the October 2018 Notice for recordation, Plaintiff cannot take any action to exploit the recaptured rights until the effective date in the notice—nearly two years in the future. 17 U.S.C. § 203(b)(4).

Moreover, it is not yet clear that the parties have adverse legal interests. This area of the law is relatively new and continually evolving. Equally important, there are many factual questions that need to be investigated, and business considerations that need to be considered, before a well-reasoned response to such a notice can be given. Those are among the reasons that Congress gave the parties two years to negotiate a new arrangement before the effective date of the notice. *Id.* Plaintiff attempts to circumvent these issues as well as the two-year statutory notice period by contending that Sony has constructively taken a position concerning the October 2018 Notice based on the positions Sony has taken related to the July 2015 Notice in the First Lawsuit. Compl., Dkt. No. 1, ¶ 25. However, Sony is not bound in this lawsuit by positions it may have previously taken in a separate lawsuit related to an entirely different termination notice that addresses different recordings.

As noted above, Sony has not taken a position on the validity of the October 2018 Notice. Accordingly, there is no immediate or real controversy justifying declaratory relief. *See Indigodental GMBH & Co. KG v. Ivoclar Vivadent, Inc.*, No. 08 Civ. 7657 (RJS), 2008 WL 5262694, at *2 (S.D.N.Y. Dec. 10, 2008) (dismissing declaratory action where defendant was still in process of conducting infringement analysis and had not threatened to enforce legal interests against plaintiff at time action was filed). For these reasons, Plaintiff's claim is not ripe for adjudication, and his Complaint should be dismissed. *See Smith v. Casey*, 741 F.3d 1236, 1244–45 (11th Cir. 2014) (affirming dismissal of a claim for declaratory relief regarding validity of termination notices on ripeness grounds where Copyright Office had not yet recorded the relevant notice and effective dates were months away and thus "would not presently affect the parties' rights in the works the notices identify").

Based on the foregoing, we respectfully request that the Court schedule a pre-motion conference to set a schedule pursuant to which Sony may move to dismiss the Complaint on the bases set forth herein.[5] We appreciate your time and attention to this matter.

Respectfully submitted,

*Andrew H. Bart*

Andrew H. Bart

AHB:brl

---

[5] This letter and the contemplated motion are without prejudice to any other claims and defenses Sony may assert in this litigation if it should continue, including but not limited to the adequacy of the October 2018 Notice and the availability of termination with respect to the 1977 Agreement and/or the sound recordings at issue.